# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Adam Hageman; Dane Vander Voort; and Paul Primrose, | Civ. No. 21-2096 (JRT/BRT) |
| Plaintiffs | |
| v. | **REPORT AND RECOMMENDATION** |
| Minnesota Department of Corrections; Shannon Reimann, Warden; Paul Schnell, Commissioner; Michelle Smith; John Kelly, C.P.D.; Anthony Piertzak; Randall Bergmann, Education Director; Callie Ho, Administrative Assistant; Austin Neese, Director of Professional Accountability; C. Menne, Lieutenant; and April Johnson, | |
| Defendants. | |

Plaintiffs Adam Hageman, Dane Vander Voort, and Paul Primrose allege that employees of the Minnesota Department of Corrections engaged in harassment of Vander Voort and later retaliated against all three Plaintiffs for having acted on Vander Voort's behalf during and after the harassment. Plaintiffs also allege that supervisory prison and state officials have failed to take adequate steps to prevent the spread of Covid-19 at the facility where Plaintiffs are incarcerated. By separate order, this Court will grant the applications to proceed *in forma pauperis* ("IFP") of all three Plaintiffs and direct Defendants John Kelly, Anthony Piertzak, Randall Bergmann, Callie Ho, C. Menne, and April Johnson to respond to the pleading in this matter.

1

That said, Plaintiffs also bring claims pursuant to 42 U.S.C. § 1983 against the Minnesota Department of Corrections, Shannon Reimann (the warden of the prison where Plaintiffs are detained), Paul Schnell and Michelle Smith (supervisory officials of the State of Minnesota), and Austin Neese (the Director of the Office of Professional Responsibility of the Minnesota Department of Corrections). For the reasons explained below, it will be recommended that each of these Defendants be dismissed from this action. This Court will further recommend that Plaintiffs' claim regarding Covid-19 be dismissed without prejudice as well. Finally, this Court will also recommend that one of the two pending motions for preliminary injunctive relief (Doc. No. 26)—the motion related to the Covid-19 claim—be denied without prejudice.

An action, or any part of an action, may be dismissed where an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiffs' favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Pro se complaints are to be construed liberally, but they

still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Each of Plaintiffs' federal-law claims are brought pursuant to § 1983 for alleged violations of their constitutional rights. Claims under § 1983, however, must be brought against persons, not against state agencies or the state itself. *See Monroe v. Arkansas State University*, 495 F.3d 591, 594 (8th Cir. 2007). The Minnesota Department of Corrections, as an agency of the State of Minnesota, is simply not an appropriate defendant to this action and must therefore be dismissed.

By contrast, persons such as Neese, who is the Director of the Office of Professional Responsibility of the Minnesota Department of Corrections, may be sued under § 1983 for alleged violations of constitutional rights. That said, Plaintiffs must still present factual allegations against those persons which, if proved true, would establish that the Defendants violated the law. The complaint includes no such allegations against Neese, whose only role in the events at issue was to testify at a hearing in state court on whether a restraining order should be granted against Piertzak with respect to Vander Voort. (*See* Doc. No. 1, Compl. at 7.) In fact, according to the complaint, Neese's testimony was *beneficial* to Vander Voort, as Neese stated that the alleged actions of Piertzak would amount to violations of Minnesota Department of Corrections policy. *See id*. Nothing in the pleading provides any indication of why Neese should be held liable.

Somewhat more specific allegations are presented in the complaint regarding supervisory officials Reimann, Schnell, and Smith. First, Plaintiffs seek to hold those Defendants liable expressly on the basis of vicarious liability—that is, Plaintiffs claim

3

that because subordinates of the supervisory officials acted unlawfully, the supervisors should be found responsible as well. (Compl. at 19.) It is well-established, however, that "vicarious liability is inapplicable to . . . § 1983 suits . . . ." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 676). A litigant cannot sue a supervisor under § 1983 based solely on allegations that subordinates have acted unlawfully. Instead, the litigant must establish that the supervisor himself or herself acted unlawfully, whether through that person's direct actions or through the maintenance of an unlawful policy or custom. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.").

Only in one respect does the complaint allege that any of these supervisory Defendants are directly responsible for unlawful behavior: Plaintiffs allege that Reimann (the warden of the facility) and Schnell (the Commissioner of the Minnesota Department of Corrections) have failed to take adequate steps to prevent Covid-19 from spreading, thereby placing Plaintiffs in danger. (*See* Compl. at 8-14.) Unlike the other claims presented against Reimann and Schnell, this claim does not turn on vicarious liability; Plaintiffs allege that Reimann and Schnell are directly responsible for conditions at the prison and that their actions in this regard amount to deliberate indifference to prisoners' safety in violation of the federal constitution. (*Id*. at 11.)

This Court need not determine whether this claim has been plausibly alleged because it does not belong in this lawsuit. The bulk of the complaint concerns claims related to the alleged harassment of Vander Voort and subsequent retaliation against each

4

of the three Plaintiffs by prison employees. Plaintiffs' claim regarding prison conditions and disease control are entirely unrelated to the remaining claims. A litigant may present unrelated claims against parties who are already subject to an action, *see* Fed. R. Civ. P. 18(a), but a new defendant may be drawn into an action only if the right to relief asserted against them arises "out of the same transaction, occurrence, or series of transactions or occurrences," Fed. R. Civ. P. 20(a)(2). After the vicarious-liability claims are removed from this lawsuit, the only basis for relief against Reimann and Schnell is their role in ensuring adequate prison conditions and disease control. That claim does not arise out of the same series of transactions or occurrences as the other claims brought in this lawsuit, and both Reimann and Schnell should be wholly removed from this lawsuit as a result. *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.").

The complaint is ambiguous regarding whether claims related to Covid-19 are being brought against any of the other Defendants named to his lawsuit. For example, Plaintiffs allege that Schnell, Reimann, and "other Defendants" acted unlawfully in this regard, (Compl. at 11), but are unclear about which "other Defendants" are implicated by the claim. But even if Plaintiffs did intend to seek relief from defendants other than Reimann and Schnell on this claim, it would be recommended that the claim be dismissed with respect to those defendants. Many of the persons named in the complaint are not alleged to have done anything wrong in this regard; for example, to the extent that the complaint seeks to hold Defendants Bergmann, Ho, and Neese liable due to prison conditions, there is no indication that those individuals have acted with deliberate

5

indifference concerning disease prevention. A handful of instances—no more than two for any individual defendant—of failure to wear masks or other protective gear are pleaded regarding Kelly, Menne, Piertzak, and Johnson, (*see* Compl. at 9), but scattered failures to wear a mask properly, without more, are insufficient to establish deliberate indifference giving rise to liability under § 1983. *See Smith v. Faust*, No. 3:20-CV-0390 (DPM/JJV), 2021 WL 1300390, at *5 (E.D. Ark. Mar. 16, 2021); *Lucien-Bey v. Myers*, No. 1:21-CV-0755, 2021 WL 1916198, at *2 (W.D. La. Apr. 27, 2021) (collecting cases); *cf. Valentine v. Collier*, 993 F.3d 270, 287 (5th Cir. 2021).[1]

It is therefore recommended that the claim related to Covid-19 be dismissed without prejudice from this lawsuit. Because it is recommended that this claim be dismissed, it is further recommended that Plaintiffs' motion for preliminary injunctive relief related to prison conditions (Doc. No. 26) be denied without prejudice; Plaintiffs may not seek injunctive relief related to claims that are no longer pending within this litigation. *See, e.g.*, *Kapacs v. Jurevica*, No. 15-3019 (ADM/FLN), 2019 WL 11491366, at *7 (D. Minn. Jan. 27, 2016); *Christensen v. PennyMac Loan Services, LLC*, 988 F. Supp. 2d 1036, 1046 (D. Minn. 2013). The Defendants not recommended for dismissal from this action will be directed to respond to the other pending motion for a preliminary injunction by separate order.

---

[1] Plaintiffs also allege that "Lieutenant Menne was infected with Covid-19 in September 2021, yet he continues to work in the K-4 unit that the Plaintiffs were assigned to live in." (Compl. at 8.) The complaint does not allege, however, that Menne worked at the prison at any time when he knew himself to be infected or contagious.

# RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT **IS HEREBY RECOMMENDED** that:

1. Defendants Minnesota Department of Corrections, Shannon Reimann, Paul Schnell, Michelle Smith and Austin Neese be **DISMISSED WITHOUT PREJUDICE** from this litigation.

2. All claims concerning Covid-19 and conditions at the prison where plaintiffs are incarcerated be **DISMISSED WITHOUT PREJUDICE** from this litigation.

3. The motion for a preliminary injunction related to prison conditions (Doc. No. 26) be **DENIED WITHOUT PREJUDICE**.

Dated: January 11, 2022                         *s/ Becky R. Thorson*
                                                BECKY R. THORSON
                                                United States Magistrate Judge

# NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).