# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Adam Hageman; Dane Vander Voort; and Paul Primrose, | Civ. No. 21-2096 (JRT/BRT) |
| Plaintiffs | |
| v. | |
| Minnesota Department of Corrections; Shannon Reimann, Warden; Paul Schnell, Commissioner; Michelle Smith; John Kelly, C.P.D.; Anthony Piertzak; Randall Bergmann, Education Director; Callie Ho, Administrative Assistant; Austin Neese, Director of Professional Accountability; C. Menne, Lieutenant; and April Johnson, | **REPORT AND RECOMMENDATION** |
| Defendants. | |

BECKY R. THORSON, United States Magistrate Judge.

This case arises from *pro se* Plaintiffs Adam Hageman, Dane Vander Voort, and Paul Primrose's 42 U.S.C. § 1983 Complaint alleging that employees of the Minnesota Department of Corrections ("DOC") retaliated against them and failed to take adequate steps to prevent the spread of COVID-19. (Doc. No. 1, Compl.)

As procedural background, on January 11, 2022, this Court addressed part of Plaintiffs' Complaint when it issued a Report and Recommendation recommending that (1) Defendants DOC, Shannon Reimann, Paul Schnell, Michell Smith, and Austin Neese be dismissed from this litigation and that (2) Plaintiffs' conditions-of-confinement claims concerning COVID-19 be dismissed. (Doc. No. 37.) That Report and Recommendation

remains pending as of June 6, 2022, the filing date of this Report and Recommendation. The Court issued summonses on January 13, 2022 for the remaining Defendants: John Kelly, Anthony Piertzak, Randall Bergmann, Callie Ho, Craig Menne, and April Johnson. (Doc. No. 39.) The remaining Defendants timely returned executed waivers of service, then moved to dismiss the remaining claims in Plaintiffs' Complaint on March 28, 2022. (Doc. Nos. 61, 69.) Plaintiffs opposed. (Doc. No. 87; Doc. No. 88, Mem. of Law in Supp. of Pls.' Mot. to Deny Defs.' Mot. to Dismiss ("Pls.' Mem.").)

For the reasons below, this Court recommends that the remaining Defendants' motion to dismiss be granted, Plaintiffs' "Motion to Deny Defendants Motion to Dismiss" be denied, Plaintiffs' remaining claims not already recommended for dismissal in this Court's pending January 11, 2022 Report and Recommendation be dismissed, and Plaintiffs' pending motions for a temporary restraining order and to compel discovery be denied as moot.

## I.    BACKGROUND

Plaintiffs are inmates who were incarcerated at Minnesota Correctional Facility-Lino Lakes ("MCF-Lino Lakes") during 2021. As part of their Complaint, they allege various improper actions by DOC staff that violated their First Amendment rights of religious freedom and free speech, violated their due process rights, interfered with their right to "petition the Government for a redress of grievances," and subjected them to "retaliation, harassment, and mistreatment." (Compl. 3–5.) Plaintiffs name Defendants Kelly, Piertzak, Bergmann, Ho, Menne, and Johnson in their individual and official capacities. (*Id.* at 3.) They seek compensatory damages in the amount of $6,900,000 and

equitable relief in the form of a restraining order prohibiting their transfer from MCF-Lino Lakes to a different DOC facility and an order requiring the DOC "to provide said Internal Investigation report and all resolved and active/pending complaints against Pietrzak as Discovery." (*Id.* at 7, 20.)

### A. Alleged misconduct

Plaintiffs allege they were subject to "repeated and intentional" improper actions by DOC staff. (Compl. 17.) These actions, they allege, "intensified" after July 30, 2021, as retaliation for Plaintiffs taking part in an internal investigation. (*Id.* at 4, 17.) Plaintiffs' claims thus fall into two groups: pre-retaliation claims regarding misconduct that arose before July 30, 2021, and retaliation claims regarding misconduct that arose after July 30, 2021, when the alleged misconduct by DOC staff intensified.

#### i. Alleged pre-retaliation misconduct

Plaintiffs allege a variety of misconduct committed by DOC staff over several years prior to the alleged retaliation. Though Plaintiffs state in their Complaint that they were all victims of this misconduct, they only allege specific instances of misconduct committed against Plaintiff Hageman. Those instances against Plaintiff Hageman include claims that Defendants and other "officers and staff" (who are not named Defendants in this matter) interfered with Plaintiff Hageman's legal mail in the following ways:

- the confiscation and destruction of Plaintiff Hageman's legal exhibits by "Lt. Raven" (beginning on September 25, 2020);

- the opening of Plaintiff Hageman's legal mail in violation of DOC policy by "Program Director Stephanie Huppert" (on December 23, 2020; January 19, 2021; February 1, 2021; and February 12, 2021), Minnesota Correctional Facility-

Faribault mailroom staff (on February 15, 2021), Defendant Ho (on May 10, 2021), and Defendant Bergman (on May 18, 2021); and

- the confiscation of Plaintiff Hageman's electronic legal mail in the form of disks by Defendant Bergman (on May 18, 2021), "Officer McPhereson" and Defendant Menne (on June 23, 2021), and Defendant Menne (on July 2, 2021).

(Compl. 15–18.) Plaintiffs also name additional DOC personnel who have been "documented" by Plaintiffs Hageman and Vander Voort destroying "Materials, Flashdrives, Disks, DVDs, and Legal Mail," including "Minnesota Department of Corrections and several named Defendants including Education Director Randall Bergman, Administrative Assistant Callie Ho, Lt. Menne, CPD Stephanie Huppert, Lt. Raven, Ms. Bruley, Mail Supervisor Ms. Fiskwold, CPD Follmer and various officers and staff at MCF-Lino Lakes, MCF-Faribault, and MCF-Stillwater." (*Id.* at 15.) [1]

Additionally, Plaintiffs allege a singular claim that Defendant Anthony Pietrzak, a correctional office at MCF Lino-Lakes, "wrote a false violation report on Hageman" on July 25, 2021, that was "corrected" by Defendant Menne on July 27, 2021. (*Id.* at 6.) Attached to their Complaint, Plaintiffs provide a copy of the July 25, 2021 discipline report against Plaintiff Hageman. (Doc. No. 1-2 at 56.) Plaintiffs provide no facts regarding what occurred or what about Defendant Pietrzak's report is false.

---

[1]     As noted, several of these named DOC staff members are not named Defendants in this matter: Lt. Raven, Stephanie Huppert, Minnesota Correctional Facility-Faribault mailroom staff, Officer McPhereson, Ms. Bruley, Ms. Fiskwold, CPD Follmer, and various unknown officers and staff at MCF-Lino Lakes, MCF-Faribault, and MCF-Stillwater.

### ii. Alleged retaliation misconduct

Along with the above claims of alleged misconduct, Plaintiffs also allege that Defendants retaliated against them for taking part in an internal investigation into DOC staff misconduct on July 30, 2021. Specifically, Plaintiffs allege certain Defendants, in retaliation, (1) interfered with Plaintiff Vander Voort's legal mail, (2) wrote unfounded disciplinary infractions against Plaintiff Hageman, and (3) interfered with the Plaintiffs' access to the law library and certain religious events.

### a. Plaintiff Vander Voort's allegations against Defendants Piertzak, Menne, Johnson, and Kelly regarding legal mail

Plaintiffs allege Defendants Piertzak, Menne, Johnson, and Kelly opened Plaintiff Vander Voort's legal mail in retaliation for their involvement in the internal investigation: first on August 29, 2021, when Vander Voort received two pre-opened letters (one from Anoka County Court and another from "Attorney Jaenin Putnam"), and then a second time on August 30, 2021, when Vander Voort again received pre-opened legal mail from "attorney Putnam." (Compl. 17.) By opening Vander Voort's legal mail outside his presence, Plaintiffs allege Defendants violated DOC mail policy 302.020, which requires legal mail entering a correctional facility to be opened in the presence of its recipient. (*Id.* at 17–18.) Plaintiffs further allege that Vander Voort contacted Defendant John Kelly on September 1 and 6, 2021, regarding the pre-opened legal mail and received a response on September 7, 2021, from Defendant Kelly that the mail was not considered legal mail under the DOC mail policy. (*Id.* at 18; Doc. No. 1-2 at 53.)

### b. Plaintiff Hageman's allegations against Defendants Menne, Pietrzak, and Johnson regarding disciplinary infractions

Plaintiffs also allege that Defendants "Menne, Pietrzak and Johnson manufactured unfounded disciplinary infractions" against Plaintiff Hageman on August 21, 2021, and on August 23, 2021. (Compl. 18.) Attached to their Complaint, they provide a copy of two August 21, 2021 discipline reports against Plaintiff Hageman for loitering in the hallways, but do not include the alleged August 23, 2021 report. (Doc. No. 1-2 at 55, 57.) Plaintiffs do not detail any other facts regarding how Defendants "manufactured" these discipline reports or what about them is "unfounded." (Compl. 18.) Instead, they allege generally that Defendants Piertzak, Johnson, and Menne violated DOC Offender Discipline policy 303.010 (A), (B), (C), (I), (J), and (K), which governs "procedures, responsibilities, prohibitions, and penalties that govern offender conduct." (Compl. 18; Doc. No. 1-1 at 3–15.)

### c. Plaintiffs' allegations against Defendant Bergman regarding access to the law library

Plaintiffs claim Defendant Bergman denied Plaintiffs' "ac[c]ess to Law Library and access to the Courts" when he "prevent[ed] Hageman, VanderVoort, and Primrose from [the] Law Library at MCF-Lino Lakes." (Compl. 18.) They allege that Defendant Bergman made these denials by "interfering with access to Lawyers, Law Library, Legal Documents" and by "confiscating Legal Materials." (*Id.*) They include attached to their Complaint two Offender Kite Forms ("kites") reflecting their correspondence regarding access to the law library. (Doc. No. 1-1 at 32, 34.)

The first kite is dated September 13, 2021, and was sent from Plaintiff Hageman to the "Law Library." (Doc. No. 1-1 at 32.) In it, Plaintiff Hageman asks the following: "Please sign me up for typing and printing so I can finish legal brief. Thank you." (*Id.*) A response is given on September 14, 2022, by Michael Schneider: "I'm sorry, all typing has to be done during your unit's library/law library time and its (sic) not separate the signup in the unit is for both. The law library printer is not working at this time." (*Id.*)

The second kite is also dated September 13, 2021, and sent from Plaintiff Vander Voort to the "Law Library." (Doc. No. 1-1 at 34.) In it, Vander Voort asks the following: "Please sign me up for printing and typing. Thank you." (*Id.*) A response is given on September 14, 2021, by Michael Schneider: "I'm sorry, you must sign yourself up in the unit for printing, typing and research. Library and law library are at the same time because of Covid restrictions and current movement rules." (*Id.*)

Plaintiffs attribute this denial to the law library to Defendant Bergman and assert it was "in furtherance of retaliation" and ultimately denied them access to the courts. (Compl. 18.)

### d. Plaintiffs' allegations against Defendant Menne regarding religious freedom

Plaintiffs also allege that, as part of Defendants' retaliation, Defendant Menne cancelled certain "events" related to their "Church and Worship Services" and "Community Hour and Bible study." (Compl. 7–8.) They do not detail any facts about what events were canceled or how this affected their religious freedom.

**B. Plaintiffs' claims**

Based on the alleged misconduct stated above, Plaintiffs plead the following §

1983 claims:

1. *a retaliation claim* alleging that Defendants harassed, mistreated, and obstructed their "First Amendment Rights to Religious Freedom and Free Speech" by interfering with Plaintiff Vander Voort's legal mail, writing fake disciplinary infractions against Plaintiff Hageman, and denying Plaintiffs' access to the law library and religious services;

2. *an access-to-court claim*[2] alleging that Defendants interfered with their right to "petition the Government for a redress of grievances" and "Federal Litigation" by interfering with their legal mail and denying them access to the law library; and

3. *a due process claim* alleging that Defendants deprived them of their due process rights by interfering with their legal mail and law library access.

(Compl. 2–4, 7–8, 17–18.)

## II. ANALYSIS

Defendants argue that Plaintiffs' § 1983 claims listed above fail to state a claim on

which relief can be granted under Federal Rules of Procedure 8 and 12(b)(6). They also

argue that Plaintiffs' request for damages should be denied because the Eleventh

Amendment and § 1983 bar damages against Defendants in their official-capacities,

---

[2]    Plaintiffs also allege that Defendants "Obstructed Justice." But "obstruction of justice is not a cognizable claim under 42 U.S.C. § 1983." *Bandy v. Comm'r of Correction*, No. 13-CV-2209 (JRT/LIB), 2016 WL 8732632, at *11 (D. Minn. Jan. 29, 2016), *report and recommendation adopted*, 2016 WL 1271469 (D. Minn. Mar. 31, 2016). This Court construes this claim as part of Plaintiffs' access-to-courts claim. *See id.* ("Although Plaintiff titles this claim 'obstruction of justice,' the Court construes Plaintiff's pleadings liberally in his favor as alleging a claim of a violation of the right of meaningful access to the courts.").

qualified immunity bars damages against the Defendants in their individual-capacities, and Plaintiffs' request for injunctive relief should be denied because it is limited by the Prison Litigation Reform Act ("PLRA") and partially moot.

### A.  Sovereign Immunity

Defendants argue that Plaintiffs' claims against them in their official capacities must be dismissed because they are entitled to sovereign immunity under the Eleventh Amendment. (Defs.' Mem. 15–17.) Plaintiffs respond that the "named Defendants are <u>not</u> barred by The Eleventh Amendment." (Pls.' Mem. at 9–10 (emphasis in original).)

Sovereign immunity is a jurisdictional, threshold matter that is properly addressed under Rule 12(b)(1). *See Lors v. Dean*, 746 F.3d 857, 861 (8th Cir. 2014); *Brown v. United States*, 151 F.3d 800, 803–04 (8th Cir. 1998). A motion pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges whether the Court has subject-matter jurisdiction. The party asserting subject-matter jurisdiction bears the burden of proof. *See Great Rivers Habitat Alliance v. FEMA*, 615 F.3d 985, 988 (8th Cir. 2010). The Eleventh Amendment bars claims for damages by private parties against a state. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618–19 (8th Cir. 1995). A state's sovereign immunity extends to public officials sued in their official capacities because "[a] suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Minnesota has not waived its Eleventh Amendment immunity from suit in federal court. *See DeGidio v. Perpich*, 612 F. Supp. 1383, 1388–89 (D. Minn. 1985). And Congress has

not abrogated immunity to § 1983 claims. *Burke v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991).

Here, Plaintiffs have named the remaining Defendants, all public employees working for the state, in their official capacity. Thus, their § 1983 suit is against the state and barred under the Eleventh Amendment. Accordingly, this Court recommends dismissal of Plaintiffs' § 1983 claims against Defendants in their official capacities.[3]

### B.  Failure to State a Claim

Defendants also argue that Plaintiffs have failed to state a claim under § 1983 upon which relief can be granted. (Doc. No. 70, Mem. of Law in Supp. of Defs.' Mot. to Dismiss ("Defs.' Mem.") 6–15.) Specifically, they assert that the Complaint fails to state a claim under Rule 8 and Rule 12(b)(6). (*Id.*) Plaintiffs disagree. (*See generally* Pls.' Mem.)[4]

---

[3]    In addition to Defendants' argument that Plaintiff's § 1983 claims against Defendants in their official capacities are barred under the Eleventh Amendment, Defendants also argue that Plaintiff's claims against Defendants in their official capacities should be dismissed under § 1983. (Doc. No. 70, Mem. of Law in Supp. of Defs.' Mot. to Dismiss ("Defs.' Mem.") 16.) Section 1983 states that every "person" who under the color of law deprives a citizen of his constitutional rights shall be liable to the injured party. 42 U.S.C. § 1983. This definition of person does not extend to a state or its officials acting in their official capacities. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."). Therefore, in addition to its recommendation to dismiss Defendants in their official capacities under the Eleventh Amendment, this Court also recommends dismissal of Plaintiffs' § 1983 claims against Defendants in their official capacities based on § 1983 itself.

[4]    Plaintiff Hageman filed a responsive memorandum that attempts to add additional claims and facts to the Complaint, such as including a Religious Land Use and Institutionalized Persons Act claim. (Pls.' Mem. 44–45.) However, Plaintiffs did not bring a proper motion to amend their Complaint, and this Court will not consider matters

When considering a motion to dismiss pursuant to Rule 12(b)(6), the pleading is construed in the light most favorable to the non-moving party, and the facts alleged in the complaint must be taken as true. *Ashley County, Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). In addition, a court must afford the plaintiff all reasonable inferences from the allegations pleaded. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010). At the same time, to withstand a motion to dismiss under Rule 12(b)(6), litigants must properly plead their claims under Rule 8 of the Federal Rules of Civil Procedure and meet the principles articulated by the United States Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Pursuant to Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard articulated by Rule 8 "does not require detailed factual allegations, but it [does demand] more than a unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 678 (quotations and citations omitted). A "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Thus, to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

---

raised outside the pleading when considering Defendants' motion to dismiss. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) ("When considering a motion for judgment on the pleadings (or a motion to dismiss under Fed. R. Civ. P. 12(b)(6)), the court generally must ignore materials outside the pleadings."). Therefore, Plaintiff Hageman's attempts to supplement the Complaint and its attached exhibits will not be considered part of the operative pleading.

claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 677 (quoting *Twombly*, 550 U.S. at 556). "[T]he plausibility standard, which requires a federal court complaint to 'state a claim for relief that is plausible on its face, . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Ritchie v. St. Louis Jewish Light*, 630 F.3d 713, 717 (8th Cir. 2011) (quotations and citations omitted). "Determining whether a complaint states a plausible claim for relief will, . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. While a plaintiff need not set forth detailed factual allegations, or specific facts that describe the evidence to be presented, the complaint must include sufficient factual allegations to provide the grounds on which the claim rests. *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009).

### i.    Retaliation claims

Plaintiffs claim that Defendants harassed them and violated their First Amendment rights to religious freedom and free speech by retaliating against them for their involvement in an internal investigation. Specifically, Plaintiffs allege that Defendants took adverse actions against them by interfering with Plaintiff Vander Voort's legal mail, disciplining Plaintiff Hageman, limiting law library access, and cancelling certain religious events.

To establish a claim of retaliation, Plaintiffs must allege facts sufficient to show that: (1) they exercised a constitutional right; (2) Defendants took adverse action toward them; and (3) it was their exercise of the constitutional right that was the motive for the adverse action. *Haynes v. Stephenson*, 588 F.3d 1152, 1155 (8th Cir. 2009) (citing *Meuir v. Greene Cty. Jail Employees*, 487 F.3d 1115, 1119 (8th Cir. 2007)). An allegation of retaliation must be more than speculative and conclusory. *Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996).

To support the first element, Plaintiffs allege they exercised a constitutional right by voicing grievances against DOC staff in an internal investigation. Defendants concede that voicing a prison grievance is a protected activity meeting the first element of a retaliation claim. (Defs.' Mem. 9.) However, Defendants argue that Plaintiffs' retaliation claim does not plead sufficient facts to meet the other two elements, i.e., they assert Plaintiffs do not plead underlying facts showing what adverse action Defendant took, nor do they plead facts showing that Plaintiffs' exercise of a constitutional right was the motive for that adverse action. This Court agrees.

First, Plaintiffs generally state in their Complaint that Defendants retaliated against them. But throughout their Complaint, they fail to plead facts alleging *how* Defendants took any action, adverse or otherwise, against them. For example, Plaintiffs allege that "MCF-Lino Lakes mailroom staff" opened Plaintiff Vander Voort's legal mail. (Compl. 17.) But they do not plead any facts indicating what role Defendants Piertzak, Menne, Johnson, and Kelly had in the opening his legal mail, let alone if they even work with mailroom staff at MCF-Lino Lakes. Similarly, Plaintiffs allege

13

Defendants Menne, Pietrzak, and Johnson "manufactured" unfounded discipline reports against Plaintiff Hageman. (*Id.* at 18.) But they allege no facts describing what about the reports are unfounded or what role Defendants played in manufacturing them. (*Id.*) Plaintiffs also fail to plead facts alleging how Defendant Bergman is responsible or involved in denying Plaintiffs' access to the law library. Indeed, Plaintiffs own exhibits demonstrate Plaintiffs were merely told by a DOC staff member named Michael Schneider to sign up for library access through their unit and that access was only partly limited due to COVID-19 restrictions. And further, Plaintiffs fail to plead sufficient facts to establish what religious "events" Defendant Menne allegedly cancelled such that Menne violated Plaintiffs' "Constitutional Right to attend Church and Worship Services." (*Id.* at 7–8.) In other words, throughout their Complaint, Plaintiffs fail to allege sufficient facts to plausibly satisfy the second element of their retaliation claim showing that Defendants took any action, let alone adverse action, against them.

As to the third element of their retaliation claim (i.e., that it was Plaintiffs' exercise of the constitutional right that was the motive for Defendants' adverse action), even assuming Plaintiffs had pled sufficient facts to establish that Defendants took adverse action against them, Plaintiffs still fail to allege anything more than speculative and conclusory allegations that Plaintiffs' participation in the internal investigation was Defendants' motive. "Merely alleging that an act was retaliatory is insufficient." *Meuir v. Greene Cty. Jail Emps.*, 487 F.3d 1115, 1119 (8th Cir. 2007). Plaintiffs allege no facts connecting the alleged mail interference, discipline reports, law library access, or cancellation of religious events with any retaliatory animus. Indeed, much of these

actions appear to be motivated by non-retaliatory motives. For example, Plaintiffs were informed that law library access was partly limited due to COVID-19 restrictions. (Doc. No. 1-1 at 34.) Plaintiff Vander Voort was also informed that the reason his mail was opened outside his presence was because it was not considered legal mail. And the exhibits reflecting two of the disciplinary reports against Plaintiff Hageman show that Hageman received the disciplinary reports because he had been loitering in the hallways. (Doc. No. 1-2 at 55–57); *see Hartsfield v. Nichols*, 511 F.3d 826, 829 (8th Cir. 2008) ("[C]laims of retaliation fail if the alleged retaliatory conduct violations were issued for the actual violation of a prison rule.").

In sum, because Plaintiffs fail to plead facts alleging how Defendants took any actions against Plaintiffs or that Plaintiffs' participation in the internal investigation was the motive for any supposed adverse action taken by Defendants, Plaintiffs fail to allege a claim showing that Plaintiffs are entitled to relief under Rule 8 and fail to state a claim under Rule 12(b)(6). Therefore, this Court recommends that Plaintiffs' retaliation claim should be dismissed without prejudice for failure to state a claim.

### ii.    Due process claim

Plaintiffs also allege they have "set forth several procedural" due process violations caused by Defendants Menne, Piertzak, and Kelly and that they have "established that a protected liberty interest is at stake." (Compl. 19.) "Procedural due process imposes constraints on government decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). To

demonstrate that procedural due process rights have been violated, a plaintiff must prove (1) that he had a protected liberty or property interest at stake, and (2) that he was deprived of this interest without due process of law. *See Hopkins v. Saunders*, 199 F.3d 968, 975 (8th Cir. 1999). In addition, a plaintiff must show an "atypical and significant hardship" on him "in relation to the ordinary incidents of prison life." *Smith v. McKinney*, 954 F.3d 1075, 1080 (8th Cir. 2020) (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1985)).

Here, Plaintiffs fail to allege what liberty interest is at stake or how Defendants deprived them of this interest. Moreover, even if Plaintiffs had alleged facts in connection with his claim, nothing they plead in their Complaint rises to an atypical and significant hardship in relation to the ordinary incidents of prison life. *McKinney*, 954 F.3d at 1080. In the responsive memorandum, Plaintiff Hageman states that Defendants "never served plaintiffs a copy of a conduct report describing his conduct" and that "Menne, Pietrzak, Johnson, or Kelly never served Plaintiffs notice of their due process rights and/or notice of his Due Process hearing date." (Pls. Mem. 46–47.) But even if this Court were to consider these additional allegations raised outside the Complaint, they still fail to show how the failure to provide notice of due process rights or a hearing date rises to an atypical and significant hardship. Therefore, because Plaintiffs fail to plead a short and plain statement under Rule 8 sufficiently describing their procedural due process claim, they fail state a claim under Rule 12(b)(6). Accordingly, this Court recommends that Plaintiffs alleged due process claim be dismissed.

### iii.    Access-to-courts claim

Plaintiffs allege several access-to-courts claims: one alleged against Defendants for interfering with Plaintiff Vander Voort and Plaintiff Hageman's legal mail and another alleged against Defendant Bergman for denying Plaintiffs access to the law library. Defendants argue that the allegations pleaded are insufficient to adequately state an access-to-courts claim. (Defs.' Mem. 13.)

To prevail in an access-to-the-courts claim, a litigant must demonstrate that a defendant intended to restrict his court access; merely showing that their actions had the collateral effect of doing so is insufficient. *Scheeler v. City of St. Cloud, Minn.*, 402 F.3d 826, 830 (8th Cir. 2005) (citing *Whisman v. Rinehart*, 119 F.3d 1303, 1313 (8th Cir. 1997); *Harrison v. Springdale Water & Sewer Comm'n*, 780 F.2d 1422, 1428 (8th Cir. 1986)). In addition, a plaintiff must establish that a defendant's conduct actually prevented him from litigating a claim. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (observing "[h]e might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known").

Again, as already explained above, Plaintiffs have failed to plead any facts alleging how Defendant Bergman restricted their court access, let alone that it was his intention to restrict their court access by limiting law library time. Plaintiffs also fail to allege facts showing that Defendants intended to restrict any of the Plaintiffs' court access through legal mail interference. Many of the instances of legal mail interference alleged in the Complaint do not even involve Defendants but instead involve other

individuals who are not named as Defendants in this case. Of the allegations that do include named Defendants, the Complaint does not plead any facts supporting that Defendants intended to restrict Plaintiff Hageman's or Plaintiff Vander Voort's court access. Instead, Plaintiffs merely allege that Defendants opened Plaintiff Hageman's and Vander Voort's legal mail outside their presence in violation of DOC policy and confiscated some disks that contained legal documents. These facts do not allege that Defendants intentionally or even inadvertently restricted court access. Indeed, the exhibits attached to the Complaint show that Defendants assisted Plaintiff Hageman in receiving documents through electronic storage devices. (Doc. No. 1-2 at 15–51.) In addition, the Eighth Circuit has held that the "act of opening incoming mail does not injure an inmate's right to access the courts." *Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997). Accordingly, this Court concludes that Plaintiffs' access-to-the-courts claim should be dismissed without prejudice for failure to state a claim.

### C. No Personal Involvement

Defendants also contend that even if the Complaint complies with Rule 8 and sufficiently states a claim, it fails to allege facts that show any of the remaining Defendants were directly involved in the alleged retaliatory conduct. (Defs.' Mem. 14–15.) To prevail under § 1983 against an individual defendant, whether in that defendant's personal or official capacity, a plaintiff must show that the individual was "personally involved" in the violation alleged in the lawsuit. *White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017). Generalized references to "Defendants" collectively are not sufficient.

*See Flores v. Moser*, No. 16-cv-1860 (ADM/KMM), 2019 WL 2016789, at *8 (D. Minn. Jan. 7, 2019).

Here, Plaintiffs fail to allege facts that establish that Defendants were personally involved in much of their alleged retaliation claim. They plead no facts showing that Defendants opened Plaintiff Vander Voort's mail, how Defendants were involved in making unfounded discipline reports, or how Defendant Bergman is responsible for denying their access to the law library. Similarly, Plaintiffs plead no facts alleging how Defendants were personally involved in depriving Plaintiffs due process or how some Defendants interfered with Plaintiffs' legal mail. Plaintiffs do, however, allege sufficient facts of personal involvement regarding Defendant Menne's cancellation of certain religious events and Defendants Bergman, Ho, and Menne's confiscating and opening of Plaintiff Hageman's legal mail. But save for these exceptions, under § 1983, Plaintiffs fail to plead facts that the remaining Defendants were "personally involved" in the violation alleged in the lawsuit. Accordingly, for the claims already stated lacking allegations of personal involvement by any particular Defendant, this Court recommends that those claims should be dismissed for this alternate reason, in addition to Plaintiffs' failure to state a claim under Rule 8 and 12(b)(6), as already set forth above.

### D. Qualified immunity

Defendants argue that they are entitled to qualified immunity in their individual capacities. "Qualified immunity shields government officials from liability unless the conduct violates clearly established statutory or constitutional rights of which a reasonable person would know." *Ferguson v. Short*, 840 F.3d 508, 510 (8th Cir. 2016).

When analyzing a claim of qualified immunity, Courts examine "(1) whether the facts alleged or shown, construed most favorably to the plaintiffs, establish a violation of a constitutional right, and (2) whether that constitutional right was clearly established at the time of the alleged misconduct, such that a reasonable official would have known that the acts were unlawful." *Small v. McCrystal*, 708 F.3d 997, 1003 (8th Cir. 2013). As discussed above, Plaintiffs have failed to meet the pleading standards under Rule 8 and Rule 12(b)(6) to plausibly establish a "constitutional violation" relating to any of their claims. Because no constitutional violation is established, Defendants are entitled to qualified immunity as to Plaintiffs' retaliation, due process, and access-to-courts claims.

### E.  Request for Injunctive Relief

Should the Court not adopt this Court's recommendation dismissing Plaintiffs' claims, this Court also addresses Plaintiffs request injunctive relief (1) requiring the production of documents and (2) prohibiting their transfer from MCF-Lino Lakes to a different DOC facility. (Compl. 7, 20.) Defendants argue this Court should deny both requests.

#### i.  Request for production of documents

Plaintiffs request the production of an alleged internal investigation report and "all resolved and active/pending complaints against Pietrzak as Discovery." (Compl. 7.) Plaintiffs' request for documents is a discovery request, not a claim of relief. Indeed, Plaintiffs' motion to compel discovery asks for these very same documents. (*See* Doc. No. 81 at 11, 13–14, 16.) Thus, this Court recommends that Plaintiffs' request for documents should be denied because it is a discovery request, not a claim for relief.

### ii.  Request for prohibition of transfer to another facility

Plaintiffs also request injunctive relief prohibiting their transfer from MCF-Lino Lakes to a different DOC facility. After Plaintiffs filed their Complaint, Plaintiff Hageman was transferred to MCF-Faribault and Plaintiff Primrose was transferred to MCF-Moose Lake. (Doc. Nos. 63, 66.) Thus, Plaintiffs' claims for injunctive relief to prevent a transfer as it applies to Plaintiffs Hageman and Primrose are now moot. What remains then is the prohibition of Plaintiff Vander Voort's transfer (who is, as of this date, still incarcerated at MCF-Lino Lakes). Defendants argue Plaintiffs' request is "unreasonably expansive" under the PLRA. (Defs.' Mem. 18.) The PLRA provides the following:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a).

Plaintiff Vander Voort's request to not be transferred is not narrowly drawn under the PLRA because it intrudes upon the DOC's operations. As stated above, "[t]he court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief." 18 U.S.C. § 3626(a). Transfers of prisoners fall within the discretion of prison officials and are a part of the operation of the DOC and its continuing goal of internal security. *Lyon v. Farrier*, 727 F.2d 766, 768 (8th Cir.

1984); *see also Mendez v. FMC Rochester*, No. 20-CV-1717 (KMM/JFD), 2022 WL 1110137, at *5 (D. Minn. Jan. 12, 2022) ("[S]ecurity considerations in operating corrections facilities—including in locating prisoners and detainees—are also accorded wide-ranging deference by the courts."), *report and recommendation adopted*, No. 020CV1717KMMJFD, 2022 WL 972402 (D. Minn. Mar. 31, 2022). Accordingly, this Court concludes that Plaintiff Vander Voort's request not to be transferred to another correctional facility is barred under the PLRA.

### F.  Plaintiffs' Pending Motions

Finally, because this Court recommends that Defendants' motion to dismiss be granted and the remaining claims and remaining Defendants be dismissed, this Court also recommends that Plaintiffs' "Motion to Deny Defendants Motion to Dismiss" (Doc. No. 87) be denied and Plaintiffs' pending motion for a temporary restraining order (Doc. No. 24) and motion to compel (Doc. No. 81) be denied as moot.

### RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.    Defendants' motion to dismiss (Doc. No. 69) be **GRANTED**;

2.    Plaintiffs' "Motion to Deny Defendants Motion to Dismiss" (Doc. No. 87) be **DENIED**;

3.    The remaining Defendants John Kelly, Anthony Piertzak, Randall Bergmann, Callie Ho, Craig Menne, and April Johnson be **DISMISSED WITHOUT PREJUDICE** from this litigation;

4.      Plaintiffs' remaining claims not already recommended for dismissal under this Court's pending January 11, 2022 Report and Recommendation be **DISMISSED WITHOUT PREJUDICE** from this litigation; and

5.      Plaintiffs' motion for a temporary restraining order (Doc. No. 24) and motion to compel (Doc. No. 81) be **DENIED** as moot.

Dated: June 6, 2022                      *s/ Becky R. Thorson*
                                         BECKY R. THORSON
                                         United States Magistrate Judge


## <u>NOTICE</u>

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).