UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| ADAM HAGEMAN, DANE VANDERVOORT, and PAUL PRIMROSE, | Civil No. 21-2096 (JRT/BRT) |
| Plaintiffs, | |
| v. | |
| MINNESOTA DEPARTMENT OF CORRECTIONS; SHANNON REIMANN, *Warden*; PAUL SCHNELL, *Commissioner*; MICHELLE SMITH; JOHN KELLY, *C.P.D.*; ANTHONY PIERTZAK; RANDALL BERGMANN, *Education Director*; CALLIE HO, *Administrative Assistant*; AUSTIN NEESE, *Director of Professional Accountability*; C. MENNE, *Lieutenant*; and APRIL JOHNSON, | **ORDER ADOPTING REPORT AND RECOMMENDATIONS** |
| Defendants. | |

---

Adam Hageman, OID# 251041, MCF Faribault, 1101 Linden Lane, Faribault, MN 55012; Dane Vander Voort, OID# 260391, MCF Lino Lakes, 7525 Fourth Avenue, Lino Lakes, MN 55014; and Paul Primrose, OID# 236020, MCF Togo, 62741 County Road 551, Togo, MN 55723 *pro se*.

Corinne Wright, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1400, Saint Paul, MN 55101 for defendants.

Plaintiffs Adam Hageman, Dane Vander Voort, and Paul Primrose filed a Complaint alleging that Defendants harassed Vander Voort, retaliated against Plaintiffs for their actions during and after the alleged harassment, and failed to take adequate steps to

prevent the spread of COVID-19. Plaintiffs also filed a motion seeking injunctive relief relating to prison conditions due to the Defendants' alleged failure to prevent the spread of COVID-19. Magistrate Judge Becky Thorson issued a Report and Recommendation ("First R&R"), recommending that (1) Plaintiffs' harassment and retaliation claims against Defendants Minnesota Department of Corrections ("MNDOC"), Shannon Reimann, Paul Schnell, Michelle Smith and Austin Neese be dismissed without prejudice; (2) Plaintiffs' claims concerning COVID-19 be dismissed without prejudice; and (3) Plaintiffs' Motion for Preliminary Injunction relating to prison conditions be denied without prejudice.

Defendants subsequently filed a motion to dismiss the Plaintiffs' remaining claims, and the Magistrate Judge issued an R&R on June 6, 2022 ("Second R&R") recommending that the Court (1) grant the Defendants' motion and dismiss the remaining claims and (2) deny the Plaintiff's motion for a temporary restraining order and motion to compel as moot. The Plaintiffs have timely objected to both R&Rs.

Because the Magistrate Judge did not err in the findings, the Court will overrule the Plaintiffs' objections and adopt both the First and Second R&Rs. Accordingly, the Court will (1) dismiss the Plaintiffs' harassment and retaliation claims because the claims are barred by the Eleventh Amendment and Defendants are entitled to qualified immunity, (2) dismiss Plaintiffs' claims relating to COVID-19 because their allegations do not establish the Defendants' liability, and (3) deny Plaintiffs' motion for preliminary injunction, motion to compel, and request for a temporary restraining order as moot.

## BACKGROUND

### I. FACTS

Plaintiffs commenced this action against Defendants under 42 U.S.C. § 1983 for events that occurred while Plaintiffs were incarcerated in state prison. (Compl. at 2, 6–7, Sept. 22, 2022, Docket No. 1.) Specifically, Plaintiffs allege that they endured "repeated and intentional" improper actions by MNDOC staff and that these actions "intensified" after the Plaintiffs participated in an internal investigation. (*Id.* at 17.)

According to the Complaint, Plaintiffs attended a meeting with an MNDOC investigator on July 30, 2021 and outlined instances of "policy violations, harassment, and mistreatment brought on by Anthony Pietrzak" as well as "interference with Federal Litigation by Anthony Pietrzak, Randall Bergman, and Callie Ho." (*Id*. at 4.) Prior to the Plaintiffs' meeting with the MNDOC investigator, Plaintiffs Hageman and Vander Voort "documented" several named Defendants and "various officers and staff"[1] destroying "Federal Litigation, Court Documents, Federal Evidence Materials, Flashdrives, Disks, DVDs, and Legal Mail." (*Id.* at 15.) Plaintiffs also allege that the Defendants violated MNDOC mail policy 302.020—requiring legal mail entering a correctional facility to be opened in the presence of its recipient—on numerous occasions. (*Id.* at 16–17.)

---

[1] Despite Plaintiffs' allegations in the Complaint, none of theses individuals are parties to the current suit.

Plaintiffs further state that they were subjected to retaliatory conduct that was "clearly a result" of their meeting. (*Id.* at 17.) According to Plaintiffs, certain Defendants retaliated against them by (1) interfering with Plaintiff Vander Voort's legal mail, (2) manufacturing unfounded disciplinary actions against Plaintiff Hageman, and (3) interfering with the Plaintiffs' access to the law library and certain religious events. (*Id.* at 17–18.) Plaintiffs assert that the Defendants' actions obstructed justice, violated their right to religious freedom and right to free speech under the First Amendment, violated their due process rights, and interfered with their right to petition the Government for a redress of grievances. (*Id.* at 3–5.)

Plaintiff also allege that supervisory prison and state officials failed to take adequate steps to prevent the spread of COVID-19. (*Id.* at 8–14.) Plaintiffs broadly state that Defendants failed to implement and enforce policies such as mask-wearing. (*Id.* at 8.) To support their allegations, Plaintiffs allege several instances in which Defendants Menne, Pietrzak, Johnson, and Kelly, as well as several unnamed corrections officers, failed to wear masks on duty. (*Id.* at 8–9.) Plaintiffs also allege that Menne contracted COVID-19 in September 2021 and now "continues to work in the K-4 unit that the Plaintiffs were assigned to live in." (*Id.* at 8.)

After review, the Magistrate Judge recommended the Court dismiss Defendants MNDOC, Reimann, Schnell, Smith, and Neese entirely from this case. (First R&R at 7, Jan. 11, 2022, Docket No. 37.) The Magistrate Judge also recommended that the claims

related to prison conditions and COVID-19 be dismissed because they did not arise out of the same transaction or occurrence under Rule 20(a)(2) of the Federal Rules of Civil Procedure and, alternatively, for failure to state a claim. (*Id*. at 5–6.) The Magistrate Judge also recommended that Plaintiffs' request for a preliminary injunction be denied as moot. (*Id.*) Plaintiffs timely filed objections to the First R&R. (Pls.' Obj. First R&R ("First Obj."), Jan. 24, 2022, Docket No. 44.)[2]

After filing the First R&R, the Court issued summons for the remaining Defendants: John Kelly, Anthony Piertzak, Randall Bergmann, Callie Ho, Craig Menne, and April Johnson. (Summons, Jan. 13, 2022, Docket No. 39.) Defendants then filed a motion to dismiss Plaintiffs' remaining claims. (Mot. Dismiss, Mar. 28, 2022, Docket No. 69.) In response, Plaintiffs filed a motion to compel discovery and a "Motion to Deny Defendants' Motion to Dismiss." (Mot. Compel, Apr. 1, 2022, Docket No. 81; Mot. Opp. Defs.' Mot. Dismiss, Apr. 8, 2022, Docket No. 87.)

In the Second R&R, the Magistrate Judge recommended that (1) Defendants' Motion to Dismiss be granted; (2) Plaintiffs' "Motion to Deny Defendants' Motion to Dismiss" be denied; (3) the remaining Defendants be dismissed without prejudice; (4) Plaintiffs' remaining claims be dismissed without prejudice; and (5) Plaintiffs' motion to compel be denied as moot; and (6) Plaintiff's pending motion for a temporary restraining order be denied as moot. (Second R&R at 21-23, June 6, 2022, Docket No. 99.) Plaintiffs

---

[2] For clarity, the Court refers to the CM/ECF pagination for this document.

objected to the Second R&R, and Defendants responded to the Plaintiffs' objections. (Pls.' Objs. Second R&R ("Second Objs."), June 16, 2022, Docket No. 101; Defs.' Resp. Second Objs., June 30, 2022, Docket No. 102.)

**DISCUSSION**

**II.     STANDARD OF REVIEW**

After a magistrate judge files an R&R, a party may file "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). For dispositive motions, the Court reviews de novo a "properly objected to" portion of an R&R. Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015). Therefore, when a party "is simply unhappy with the results [and] does not cite any reason why the Magistrate Judge's determination was incorrect, nor any basis for this Court to

reach a different outcome[,]" the Court may review the Magistrate Judge's recommendations as if no objections were filed.[3]

A document filed by a *pro se* litigant is to be liberally construed and must be held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, *pro se* litigants are not excused from failing to comply with substantive or procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

### III.   ANALYSIS

Plaintiffs object to the Magistrate Judge's determination that their harassment and retaliation claims against Defendants in their official capacity are barred by sovereign immunity and that Defendants are entitled to qualified immunity in their individual capacities. Plaintiffs also object to the Magistrate Judge's conclusion that their allegations regarding COVID-19 fail to establish that the Defendants acted with deliberate indifference and that their claims should be dismissed.

### A.   Harassment and Retaliation Claims

In the Second R&R, the Magistrate Judge determined that the Eleventh Amendment and § 1983 barred the Plaintiffs' claims against Defendants in their official capacities. (Second R&R at 9–10.) The Magistrate Judge also determined that Defendants were

---

[3] *Togba v. United States*, No. 01–1916, 2002 WL 31185861, at *2 (D. Minn. Sept. 30, 2002); *see also Endeshaw v. Poston*, No. 01–1762, 2002 WL 31163388, at *1 (D. Minn. Sept. 23, 2002) ("[I]t seems that plaintiff simply disagrees with the Magistrate Judge's decision").

entitled to qualified immunity in their individual capacities because the Plaintiffs failed to plausibly establish a constitutional violation. (*Id*. at 10–19.)

The Eleventh Amendment bars suit against a state brought in federal court unless the state has waived its immunity, *Faibisch v. Univ. of Minn*, 304 F.3d 797, 800 (8th Cir. 2002), or Congress has abrogated that state's sovereign immunity with respect to that particular cause of action. *Seminole Tribe of Fla. v. Florida*, 516 U.S. 44, 54–56 (1996). A state's sovereign immunity extends to public officials sued in their official capacities because "[a] suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.,* 172 F.3d 531, 535 (8th Cir. 1999). Minnesota has not waived its Eleventh Amendment immunity from suit in federal court. *See DeGidio v. Perpich,* 612 F. Supp. 1383, 1388–89 (D. Minn. 1985). Congress also has not abrogated immunity with respect to § 1983 claims. *Burke v. Been,* 948 F.2d 489, 493 (8th Cir. 1991).

While Plaintiffs disagree with the Magistrate Judge's conclusion that the Eleventh Amendment and § 1983 bar their claims against the Defendants in their official capacities, they fail to provide any basis for their objections and merely reach the opposite conclusion of the Magistrate Judge. Accordingly, Plaintiffs' generalized and conclusory objections are not entitled to de novo review, *Montgomery*, 98 F. Supp. 3d at 1017, and the Court finds no clear error in the Magistrate Judge's conclusion that their claims are barred.

The Court similarly finds no error in the Magistrate Judge's determination that the claims are barred against Defendants in their personal capacities. "Qualified immunity is not a defense available to governmental entities, but only government employees sued in their individual capacity." *Johnson,* 172 F.3d at 535. "Qualified immunity shields government officials from liability unless the conduct violates clearly established statutory or constitutional rights of which a reasonable person would know." *Ferguson v. Short,* 840 F.3d 508, 510 (8th Cir. 2016).

To determine whether qualified immunity applies, courts analyze "(1) whether the facts alleged or shown, construed most favorably to the plaintiffs, establish a violation of a constitutional right, and (2) whether that constitutional right was clearly established at the time of the alleged misconduct, such that a reasonable official would have known that the acts were unlawful." *Small v. McCrystal,* 708 F.3d 997, 1003 (8th Cir. 2013).

Here, the Magistrate Judge concluded Plaintiffs failed to plausibly establish any constitutional violations. (Second R&R 12–17.) Plaintiffs' only argument in response is that Defendants are not entitled to qualified immunity because they "broke Federal Law and violated the Plaintiffs Civil Rights and disregarded The Constitution . . . when they retaliated against them." (Second Obj. at 2.) Irrespective of the conclusory nature of Plaintiffs' objections, the Court is not required to accept as true Plaintiffs' legal

assertions that Defendants violated their rights or that Plaintiffs have alleged facts establishing violations of law.[4]  *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).

Because the Magistrate Judge did not err in concluding that the Plaintiffs' claims are barred by the Eleventh Amendment and that Defendants are entitled to qualified immunity, the Court will overrule the Plaintiffs' objections, adopt the First and Second R&R's, and dismiss Plaintiffs' harassment and retaliation claims against Defendants.

**B. COVID-19 Claims**

Although Plaintiffs' Complaint is ambiguous regarding exactly which of the Defendants their COVID-19 claims are brought against, the Magistrate Judge recommended dismissing Plaintiffs' claims because "[m]any of the persons named in the complaint are not alleged to have done anything wrong . . . concerning disease prevention."  (First R&R at 5–6.)

Like Plaintiffs' objections to the recommendation to dismiss their harassment and retaliation claims, Plaintiffs fail to raise specific objections to the Magistrate Judge's determinations and simply ask the Court to reach the opposite conclusion.  Plaintiffs'

---

[4] The Plaintiffs also assert that the Magistrate Judge erred by failing to consider the *Ex parte Young* Doctrine, which Plaintiffs argue would allow their claims to proceed.  (Second Obj. at 4, Docket No. 101.)  Under the *Ex parte Young* doctrin*e*, a plaintiff may proceed against individual state officers in their official capacities, provided that his complaint (1) alleges an ongoing violation of federal law and (2) seeks relief properly characterized as prospective.  *Verizon Md. Inc., v. PSC,* 535 U.S. 635, 645 (2002).  Because Plaintiffs fail to sufficiently allege constitutional violations, this objection is without merit and does not alter the Court's analysis.

objections repeatedly assert that "[Defendants] Schnell and Reimann were actually aware of the particular threats of Covid-19 to the Plaintiffs, and deliberately disregarded the danger and failed to respond in a reasonable manner." (First Obj. at 11.) These legal conclusions are not entitled to de novo review, and the Court need not accept them as true. *Montgomery*, 98 F. Supp. 3d at 1017, *Iqbal*, 556 U.S. at 664. The only specific allegations in Plaintiffs' Complaint focus on scattered instances of failures to wear a mask or other protective gear and that Defendant Menne was infected with COVID-19. (Compl. at 8–9). Even taken as true, these scattered occurrences are insufficient to establish that any of the Defendants acted with deliberate indifference sufficient to sustain a § 1983 claim. For example, Plaintiffs do not allege that Menne was working while infected—only that he **was** infected—or that they were otherwise exposed while Menne either knew or had reason to know he was infected. Moreover, Plaintiffs' allegations do not establish that Schnell and Reimann were ever aware of the alleged failures to wear protective gear and that Plaintiffs were thereby at an increased risk of infection.

      Accordingly, the Court finds that the Magistrate Judge did not err in the determination that Plaintiffs' COVID-19 claims should be dismissed for failure to state a claim and the Court will therefore adopt the First R&R.

## CONCLUSION

In sum, the Court will overrule the Plaintiffs' objections and adopt the First and Second R&Rs. Because the Court will dismiss Plaintiffs' claims, the Court will also deny Plaintiffs' motion for a temporary restraining order, motion for a preliminary injunction, "Motion to Deny Defendants Motion to Dismiss," and motion to compel as moot.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Objections to the Report and Recommendations [Docket No. 44 and Docket No. 101] are **OVERRULED**;

2. The Magistrate Judge's January 11, 2022 Report and Recommendation [Docket No. 37] is **ADOPTED**;

3. The Magistrate Judge's June 6, 2022 Report and Recommendation [Docket No. 99] is **ADOPTED**;

4. Defendants' Motion to Dismiss [Docket No. 69] is **GRANTED**;

5. Plaintiffs' "Motion to Deny Defendants Motion to Dismiss" [Docket No. 87] is **DENIED WITHOUT PREJUDICE**;

6. Plaintiffs' Motion for a Temporary Restraining Order [Docket No. 24] is **DENIED WITHOUT PREJUDICE** as moot;

-13-

7. Plaintiffs' Motion for a Preliminary Injunction relating to prison conditions [Docket No. 26] is **DENIED WITHOUT PREJUDICE** as moot;

8. Plaintiffs' Motion to Compel [Docket No. 81] is **DENIED WITHOUT PREJUDICE** as moot; and

9. This action is **DISMISSED WITHOUT PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  September 23, 2022
at Minneapolis, Minnesota.

_____
JOHN R. TUNHEIM
United States District Judge